UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:18-cv-60572-DPG

HOWARD COHAN,

    Plaintiff,

vs.

KELLY'S LANDING, INC.,
a Florida Corporation d/b/a KELLY'S LANDING,

Defendant.

_____/

## SETTLEMENT AGREEMENT AND RELEASE

IT IS HEREBY stipulated and agreed by and between Plaintiff, HOWARD COHAN (hereinafter referred to as "Plaintiff"), and Defendant, KELLY'S LANDING, INC., a Florida for Profit Corporation, d/b/a KELLY'S LANDING, located at 1305 SE 17th St, Fort Lauderdale, FL 33316, (hereinafter referred to as "Defendant"), collectively referred to herein as "Parties", as follows:

WHEREAS, Plaintiff filed the above styled action against Defendant for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, et seq. ("ADA"), pursuant to which Plaintiff seeks injunctive relief and attorneys' and expert's fees, expenses, and costs; and

WHEREAS, the Parties have agreed to a settlement of the above-styled action as more particularly set forth in this Agreement, in furtherance of the Parties' desire to avoid further expense, time, effort and uncertainty in regard to the above-styled action;

NOW, THEREFORE, in consideration of the mutual covenants and undertakings contained herein, and other good and valuable consideration, the Parties agree to the following terms and conditions as full and complete settlement of the above-styled action:

1. Modification(s). Defendant, without admitting any violation of the ADA, agrees to make the following modifications to the premises described above, to correct the conditions alleged by Plaintiff in his Complaint:

   a. Defendant has provided a table in the outdoor dining area that has the correct clear floor space for forward approach required by 2010 ADAAG §§902, 902.2, 305 and 306.

   b. Defendant will provide accessible seating for person(s) with a disability at an adjacent table in the bar area pursuant to 2010 ADAAG §§902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

   c. Defendant will provide the correct percentage of indoor seating (5%) in the indoor seating area for person(s) with a disability with the correct clear floor space for forward approach as described in 2010 ADAAG §§902, 902.2, 305 and 306

   d. Defendant will provide a door to the men's restroom with a continuous opening pressure of less than 5 lbs. pursuant to 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

   e. Defendant will provide a soap dispenser at the correct height above the finished floor in the men's restroom in compliance with 2010 ADAAG §§606, 606.1 and 308.

   f. Defendant will provide a sink in the men's restroom with proper knee clearance for a person with a disability pursuant to 2010 ADAAG §§306, 306.1 306.3, 606 and 606.2.

   g. Defendant will ensure that the sink referred to in paragraph 1.f has the proper toe clearance for a person with a disability under a counter or sink element, compliant with 2010 ADAAG §§306, 306.1, 306.2, 306.2.1, 606 and 606.2.

   h. Defendant has provided a paper towel dispenser in the men's restroom which is at the correct height above the finished floor, compliant with 2010 ADAAG §§606, 606.1 and 308.

  i. Defendant will provide properly positioned grab bars in the men's restroom, compliant with 2010 ADAAG §§604, 604.5, 609, 609.4, 609.1 and 609.3.

  j. Defendant will provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor in the men's restroom, measured to the top of the gripping surface as described in 2010 ADAAG §§609, 609.4 and 609.7.

  k. Defendant will provide a toilet paper dispenser in the proper position in front of the water closet in the men's restroom and at the correct height above the finished floor as described in 2010 ADAAG §§604, 604.7 and 309.4.

  l. Defendant will provide a coat hook in the men's restroom within the proper reach ranges for a person with a disability compliant with 2010 ADAAG §§603, 603.4 and 308.

  m. Defendant will position the water closet in the men's restroom in the proper position relative to the side wall or partition as is described in 2010 ADAAG §§604 and 604.2

  n. Defendant will provide the water closet seat referred to in paragraph 1.m at the correct height above the finished floor pursuant with 2010 ADAAG §§604 and 604.4.

 Any of the modifications described above which Defendant has not already completed will be completed within the modification window further described in Paragraph 3.

 2. Release. In exchange for the good and valuable consideration set forth herein, the sufficiency of which is hereby acknowledged, the parties hereto mutually release each other, or through their corporate capacity, agents, employees, family members, partners, successors, assigns, and heirs, along with anyone claiming by or through them, jointly and severally (collectively the "Releasing Parties"), hereby release, acquit, satisfy and discharge the other, to the extent and exclusively as to the subject facility only and along with any and all of their predecessors, agents, employees, assigns, heirs, officers, directors, shareholders, members,

affiliated entities, and any entity or person related to them, jointly and severally (hereinafter the "Released Parties"), from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind which the Releasing Parties may have, may have had, or may hereafter raise against the Released Parties with respect to the Defendant's premises and the subject matter of this litigation arising under Title III of the ADA including all claims by the Releasing Parties for attorneys' fees and costs, expert fees, litigation expenses, or any other amount, fee, and/or cost, with the exception of the attorneys' fees and costs agreed to be paid by Defendant pursuant to paragraph 4 of this Agreement.

3. Right to Enforce this Agreement: Plaintiff reserves the right to bring suit against Defendant if Defendant fails to make the above referenced modification(s) listed in paragraph 1 within eight (8) months of the signing of this Agreement. As a precondition to any such suit, Plaintiff will provide a detailed written notice to the Defendant regarding Plaintiff's belief that one or more of the agreed modifications has not been completed. Defendant shall have ten (10) days from receipt of such notice to provide evidence, including but not limited to photographic evidence, of correction of the alleged condition. In addition, the parties, by and through their respective attorneys, will discuss and attempt to resolve any disagreement regarding Defendant's compliance with this agreement before either party resorts to legal action to enforce this agreement.

4. Attorneys' Fees, Costs, Expenses, and all other Amounts to be paid by Defendants. Defendant has agreed to pay and Plaintiff has agreed to accept the total sum of TWO THOUSAND FIVE HUNDRED ($2,500.00) ("Settlement Amount"), which shall be paid within five (5) business days of the execution of this Settlement Agreement by all parties. This amount is inclusive of all Plaintiff's attorney fees, court costs, and related expenses, as well as specific reimbursement of expert fees. The Settlement Amount shall be paid by check made payable to the Law Office of

Gregory S. Sconzo, P.A. and be submitted to Law Office of Gregory S. Sconzo, P.A., 5080 PGA Boulevard, Suite 213, Palm Beach Gardens, FL 33418 within five (5) business days after Defendant receives a copy of this Agreement executed by Plaintiff. Plaintiff's counsel further acknowledges that Plaintiff, Plaintiff's counsel, and their respective consultants, experts, and any similar person or entity are not entitled to any other amounts whatsoever from the released parties in connection with the above-styled lawsuit and/or settlement of same up to this date in time.

5. Confidentiality. The Parties agree that neither the existence nor the terms of this Agreement shall be communicated to any individual or entity engaged in the business of print or electronic media and/or journalism. The Parties agree that this Agreement shall not be filed with any court, except as necessary for purposes of an action brought to enforce the terms of this Agreement, as set forth herein. The Parties agree to maintain the confidentiality of the terms of this Settlement Agreement to the full extent allowed by law, provided however that either Party may communicate the terms to their respective attorneys, accountants, experts and other persons engaged to make and maintain the agreed modifications. The parties also may respond to any subpoena or other legal process from a court or government agency directing either party to provide information concerning the terms of this agreement, Defendant's efforts at compliance, and the like.

6. Invalidation. If any provision of this Agreement is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Agreement shall remain in full force and effect, provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

7. Drafting. The Parties acknowledge that Plaintiff and Defendant were able to draft, review, and revise this Agreement and that the normal rule of construction to the effect that any

ambiguities are to be resolved against the drafting party shall not be employed against any of the Parties in the interpretation of this Agreement.

8. Merger. This Agreement constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein. Any agreement to amend or modify the terms and conditions of this Agreement must be in writing and executed by the Parties hereto.

9. Non-Admission of Liability. Neither this Agreement, nor anything contained herein, shall constitute or is to be construed as an admission by Defendant, the Released Parties, or by any officials, contractors or agents of Defendant or the Released Party of a violation of any federal, state or local statute, any state or municipal fire safety or building code, or as evidence of any other liability, wrongdoing, or unlawful conduct. The Parties acknowledge that this Agreement has been entered into by the Parties to avoid the costs and expenses of continued litigation and to settle disputed claims.

10. Dismissal. Within ten (10) business days of the date this agreement is fully executed and upon receipt and clearance of the settlement funds, Plaintiff shall file a Stipulation for Dismissal with Prejudice dismissing Defendant from this suit. The Parties further agree that this Agreement shall not be filed with the Court, except as necessary for enforcement purposes, or unless otherwise required by the Court.

11. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida and, where applicable, the ADA without regard to principles of conflicts of law and any suit arising as a result of a breach of this Agreement shall be filed in the United States District Court for the Southern District of Florida.

12. Counterparts. The Parties agree that this Agreement and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document.

13. Covenant Not to Sue. Plaintiff hereby covenants and agrees that he will not file or permit to be filed on his behalf, any action, suit or administrative proceeding, or take any other action which seeks to pursue or enforce any claim, demand, cause of action, suit or liability which he has released herein.

IN WITNESS WHEREOF, The Parties hereto execute this Agreement.

_____
HOWARD COHAN,
PLAINTIFF
8/22/2018

KELLY'S LANDING, INC.
a Florida Profit Corporation
d/b/a KELLY'S LANDING,
DEFENDANT

By: _____